UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED          ENTERED
LOGGED          RECEIVED

MAY 1 7 2012

AT BALTIMORE
CLERK U S DISTRICT COURT
DISTRICT OF MARYLAND
BY
DEPUT

Jessica Collier                    :
                                   :
        Plaintiff                  :
                           v.      :       CIVIL #1:12-cv-00860-BEL
                                   :
Professional Bureau of Collections :
                                   :
        Defendant                  :
_____  :

## OPPOSITION TO MOTION TO VACATE OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff, Jessica Collier, pro se, respectfully responds to the motion that the Defendant filed on May 2, 2012 and opposes the vacating of the judgment and/or the motion for summary judgment.

WHEREFORE, the Defendant has requested that the court set aside the order of default granted to the Plaintiff.  Plaintiff OPPOSES said motion to vacate the order of default on the following grounds:

1)      This case never would have been brought in Court, had the in-house counsel, Mr. Gerkin actually read the letter that Plaintiff sent to PBC, which CLEARLY states that the alleged debt is fraudulent  (dated March 15, 2012, with fax confirmation, EXHIBIT A)

2)      In response to my EXHIBIT A, letter faxed and emailed to the Defendant, I received a response from Defendant which was CLEARLY and attempt to collect a debt, as the letter NEVER addressed my fraud situation, quite the contrary, the letter offered me to SETTLE my FRAUDULENT balance for 75 % off, and was signed by Mr. Gerkin, in-house counsel for

the Defendant. Had the Defendant's attorney read the letter I sent, he would realize that when I said "I am the victim of ID theft", that constitutes a dispute under the FDCPA, and furthermore; Mr. Gerkin's attempt to collect while the debt is in dispute is a clear violation of the FDCPA. (see attached letter from Mr. Gerkin, EXHIBIT B)

3) After I received Mr. Gerkins 3/15 letter, I again, outraged that my fraud situation was not addressed, sent an additional letter (EXHIBIT C), to Mr. Gerkin, outlining the ID theft issue, I never received a response from said letter, so I filed suit.

4) After I applied for the IFP from the Court, and was approved and received the Summons and US Marshall forms, I emailed the Defendant's counsel on 4/02/12 to see if they would accept a "waiver of summons/service" to allow 60 days to respond as opposed to the normal 21 days, and in addition to save the resources of the US Marshall's office. The reply I received was "PBC does not agree to waive service of process", (EXHIBIT D). According to Rule 4 Under the FCRP, if a Defendant fails to waive service for good cause (none in this case) the Court must impose sanctions on the Defendant for costs and time.

5) The fact that the complaint of ID theft, and this entire matter was not taken seriously by the Defendant, compounded by the fact that Defendant caused their very own predicament by being in default by failing to 1) respond in time, 2) failing to waive service, is not the fault of the Plaintiff. Plaintiff extended every professional courtesy available to Defendant, when Defendant extended NONE, and now the Defendant want to set aside an order of default caused by their very own hands, it is unconscionable for this court to allow the behavior that caused the Defendant to be in default to be means for it to be vacated. Plaintiff even notified the Defendant that she was going to seek an order of default 2 days prior to doing so and Defendant failed to respond.

6) The defendant dropped the ball on at least 3 occasions and should not be rewarded for their despicable behavior.

7) Defendant also requests an order for summary judgment as they feel there are no merits to the case, Plaintiff strongly disagrees.

8) According to the preliminary statement in Defendants motion, it avers that "plaintiff has filed a motion for entry of default in order to try to obtain a procedural advantage in this case". Yes, Plaintiff did what Plaintiff was allowed to do under the Federal Rules of Civil Procedure. Plaintiff never agreed to vacate the order, just "take it under advisement".

9) Defendant also states in their motion to the Court that the crux of the lawsuit is one Voicemail, I disagree, the Defendant violated the FDCPA on at least 2 occasions, once with the third party voicemail, and once when Plaintiff emailed about the debt being fraudulent and Defendants own lawyer attempted to continue to collect it. Plaintiff also has underlying state debt collections practices violations and unfair and deceptive trades and practices violation, Plaintiff intends to, should the Court vacate the order of default, seek leave to amend her complaint to add said violations.

10) Plaintiff never advised defense counsel that "a credit card had been taken out in her name, using her father's address and her old telephone number", rather, what Plaintiff told defense counsel was that she was the victim of ID theft and somehow, apparently during skip tracing, defendant used the mailing address and phone number which Plaintiff lived at 12 years ago. Plaintiff knows the address this account was taken out was in another city and attached to another phone number, by way of review of business records.

11) Plaintiff never tried to "extort" money from the Defendant. Rather, Plaintiff felt she was violated and wanted to avoid the embarrassment for the Defendant of court and offered to

settle the FDCPA claim outside of court.

12) Defendant admits that they left a voice mail message on the phone that clearly belonged to a "Dan", this Dan is Daniel Collier, my father. It does not matter what the voice mail clearly states, some answering machines do not have a "delete" or "erase" button to stop a voicemail from being played, as was the case for Mr. Collier. Daniel Collier had to listen to the entire message before deleting it, to get to the next message.

13) Should the Court enter an order setting aside the default, the Plaintiff seeks leave to amend the complaint to include additional FDCPA violations and underlying concurrent State violations which allow for more than the $1000.00 statutory cap as provided by the FDCPA. Under Maryland law, the injured party can seek damages with no cap for "stress, emotional distress, embarrassment, etc, with or without signs of injury".

## *LEGAL ARGUMENT IN REGARDS TO SUMMARY JUDGMENT AND DISMISSAL*

**ARGUMENT**

### I. LEGAL STANDARD

The U.S. Supreme Court's most recent pronouncement of the motion to dismiss standard is found in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). The *Iqbal* court expounded upon the principles it set out in *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007) stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557, 127 S.Ct. 1955 (brackets omitted).

*Iqbal*, 129 S.Ct. at 1949.

The Court reiterated its principle, stated in *Twombly*, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1950.

The Eleventh Circuit Court of Appeals, in *Watts v. Florida International University*, 495 F.3d 1289 (August 17th 2007), held that the *Twombly* decision means that "A formulaic recitation of the elements of a cause of action will not do," citing *Twombly* at 1965 and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." . Furthermore, The Eleventh Circuit went on to say on page 1295 of the *Watts* opinion "the Supreme Court's most recent formulation of the pleadings specificity standard is that 'Stating such a claim requires a complaint with enough factual matter (taken as truth) to suggest' the required element." The standard is one of "plausible grounds to infer." "The Court has instructed us that the rule 'Does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element. It is sufficient if complaint succeeds in "identifying facts that are suggestive enough to render the [the element] plausible."

"Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all the inferences derived from those facts in the light most favorable to the plaintiff." *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

Finding the plaintiff's allegations sufficient under *Twombly*, and *Iqbal* in and denying a motion to dismiss in an FDCPA case, a Florida District court recently said, "'pursuant to *Twombly*, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. *In Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true,

but only well-pleaded factual allegations are entitled to an assumption of truth.'" *Clarke v. Weltman, Wienberg & Reis, Co., L.P.A.,* 2010 U.S. Dist. LEXIS 71344, 2-3 (S.D. Fla. July 15, 2010)

1) The Court should not vacate the entry of default against PBC, as PBC caused its own default by failing to answer on time, and by failing to waive service/summons

2) The fact of the matter is, Defendant is angry with a pro se litigant who wants her day in court, and intends to get it. Should the Court dismiss this action, Plaintiff seeks leave to amend complaint to include other violations, should the Court deny said relief, and this instant case is dismissed, Plaintiff will re-file a claim in State Court which has the violations not set forth in this complaint (so res judicata will not apply), so it would make sense for judicial economy to allow the order of default to stand and award Plaintiff the sum of $1000.00 for the FDCPA violations, in the alternative, if the order of default is set aside, the motion for dismissal/summary judgment should be DENIED in its entirety, and this case should be allowed to proceed with trial.

## CONCLUSION

For the foregoing reasons, Plaintiff, Jessica Collier, pro se, respectfully prays that the Court consider her pro se status and allow her a little latitude in this matter and see it for what it is, that the Defendant never took her seriously, and now wants to be richly rewarded for their own unclean hands and asks:

A. That the Court DENY the request to vacate entry of default

B. That the Court DENY the motion for dismissal/summary judgment

C. That the court award Plaintiff the sum of $1000.00 as damages for the FDCPA

violation, since there already is an order of default entered

    D. That the Court sanction Defendant pursuant to Rule 4 of the FRCP, and assess all

costs involving service to the Defendant for failing to waive service after it was requested.

                                        Jessica Collier., Plaintiff


## CERTIFICATE OF SERVICE

I, Jessica Collier,, Plaintiff, hereby certify that on May 17, 2012, I caused a true and correct copy

of the foregoing opposition to be mailed via first class mail, postage prepaid to Defendant below:


Professional Bureau of Collections
Adam Kipnis, Esq, attorney for Defendant
500 East Pratt Street, 600
Balto MD 21202

                                         Jessica Collier, Plaintiff