IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSICA COLLIER,                          :

    Plaintiff,                        :

v.                                        :
                              Civil Action No. GLR-12-860

PROFESSIONAL BUREAU OF                    :
COLLECTIONS,
                              :

    Defendant.                        :

                              :


## <u>MEMORANDUM OPINION</u>

Pending before this Court is a Motion to Vacate the Entry of Default and to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment filed by the Defendant Professional Bureau of Collections ("PBC"). (<u>See</u> ECF No. 8). The Plaintiff in this case, Jessica Collier, has filed an Opposition to the Motions. (ECF No. 9). The issues have been fully briefed and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2011). For the reasons outlined below, both Motions will be granted.

## I.    BACKGROUND

On March 20, 2012, Ms. Collier filed a civil Complaint with this Court alleging that PBC violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et. seq.</u> ("the

Act").[1]   Specifically, Ms. Collier alleges that on March 12, 2012, a PBC representative left a voicemail message on an answering machine at her father's residence.   Ms. Collier maintains that she has not lived at the residence for over ten years.   She further avers that the voicemail message indicated that PBC was seeking to collect a debt she owed to PBC's client, G.E. Consumer Finance ("GECF").   In sum, Ms. Collier claims that the voicemail message violated several sections of the Act because the message was an unlawful "communication with [a] third part[y]" and impermissibly created a false sense of urgency.   See 15 U.S.C.A § 1692(c)(b), (e)(10) (West 2012).   As to damages, Ms. Collier alleges that because of the voicemail left by PBC, she suffered a "rift" between herself and her father over allegations she was not paying her debts.   Ms. Collier contends that she, in fact, is not indebted to anyone and that she was a victim of identity theft.

Ms. Collier served the Complaint upon PBC on April 6, 2012. (See ECF No. 5).   On April 30, 2012, Ms. Collier filed a Motion for Clerk's Entry of Default (the "Default Motion").   (ECF No. 6).   On April 30, 2012, PBC became aware of the Complaint and Default Motion.   Thereafter, on May 1, 2012, PBC contacted Ms. Collier seeking a withdrawal of the Default Motion and,

---

[1] Unless otherwise noted, the facts contained herein are taken from the Complaint and are viewed in the light most favorable to Plaintiff.

according to PBC, Ms. Collier agreed to the withdrawal. (Def.'s Mot. at 4, ECF No. 8-1). Ms. Collier disputes this agreement, however, indicating that she only agreed to take PBC's request "under advisement." (Pl.'s Opp'n ¶ 8, ECF No. 9). On May 2, 2012, the Clerk entered an Order of Default against PBC for failure to file a responsive pleading to the Complaint.[2] (ECF No. 7). On May 3, 2012, PBC filed the pending Motion to Vacate the Entry of Default and to Dismiss or, in the alternative, for Summary Judgment as to Ms. Collier's Complaint.

## II.   DISCUSSION

## A.   <u>Motion to Vacate Clerk's Entry of Default</u>

The Court finds that good cause exists to vacate the Clerk's Entry of Default.

PBC provides three reasons[3] in support of its Motion to Vacate: (1) PBC's failure to file a responsive pleading was not willful; (2) vacating the default will not prejudice Ms. Collier; and (3) PBC has defenses that are meritorious. (Def.'s

---

[2] The actual Order in the Clerk's Office is dated April 2, 2012. This clearly is an error as the time for PBC to respond to the Complaint would have not yet run. In fact, the Order of Default is docketed May 2, 2012.

[3] PBC cites to <u>Park Corp v. Lexington Ins. Co.</u>, 812 F.2d 894, 896 (4th Cir. 1987) as establishing the three-part test courts consider in determining whether to vacate a clerk's entry of default. More recent jurisprudence, however, has established a six-part test that does not appear to take into consideration whether the defaulting party's actions were willful. <u>See</u> <u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198, 204-05 (4th Cir. 2006)

Mot. at 9-15).  Ms. Collier opposes vacating the Clerk's Entry
of Default on the grounds that the acts of PBC, as alleged in
her Complaint, are intentional and "despicable." (Pl.'s Opp'n ¶
6).  She also argues that PBC had ample opportunity to file a
response, but has failed to do so.  (Id. ¶ 5).

Rule 55 of the Federal Rules of Civil Procedure governs the
setting aside of an entry of default or a default judgment.
Specifically, Rule 55(c) states in pertinent part that "the
court may set aside an entry of default for good cause . . . ."
While it has not specifically defined "good cause" in the Rule
55(c) context, the United States Court of Appeals for the Fourth
Circuit has noted that

> [w]hen deciding whether to set aside an entry of
> default, a district court should consider whether the
> moving party has a meritorious defense, whether it
> acts with reasonable promptness, the personal
> responsibility of the defaulting party, the prejudice
> to the party, whether there is a history of dilatory
> action, and the availability of sanctions less
> drastic.

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05
(4th Cir. 2006).  PBC correctly points out that entries of
default are generally disfavored.  See Roberts v. Genesis
Healthcare Corp., No. WDQ-06-2305, 2007 WL 530493, at *2 (D.Md.
Feb. 13, 2007) ("Where possible, Federal Courts favor the
resolution of disputes on their merits, rather than on
procedural grounds.").  "Any doubts about whether relief should

4

be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." <u>Tolson v. Hodge</u>, 411 F.2d 123, 130 (4th Cir. 1969).

Applying the aforementioned principles to the present case, this Court finds that good cause exists to vacate the Clerk's Entry of Default. First, PBC asserted multiple potentially meritorious defenses in its Motion. For example, Ms. Collier alleges that PBC impermissibly communicated with a third party concerning her outstanding debt. (Compl. ¶¶ 12-13, ECF No. 1). PBC argues, however, that Ms. Collier conceded in her Complaint that she did use this number at one point in time and that the voicemail directed the listener hang up or disconnect if they were not Ms. Collier. (Def.'s Mot. at 13-14). Ms. Collier also claims PBC used deceptive means to attempt to collect the debt. (Compl. ¶ 15). PBC contends, however, that the voicemail provided full disclosure as to the nature and purpose of the call. (<u>See</u> Def.'s Mot. at 13-14).

Second, the Court finds that PBC acted with reasonable promptness by filing its Motion to Vacate within seventy-two hours of Ms. Collier's Default Motion. In fact, PBC filed its Motion to Vacate on the very day the Clerk entered an Order of Default. (<u>See</u> ECF Nos. 6-8). Third, the Court finds that PBC acted responsibly and intended to file an answer but instead acted upon a misunderstanding between itself and Ms. Collier.

Specifically, prior to the Clerk's Entry of Default, there appeared to be at least some discussion between the parties regarding the withdrawal of Ms. Collier's Default Motion. In fact, by Ms. Collier's own admission, she was taking the decision of whether to withdraw the Default Motion "under advisement." These discussions, prior to the entry of default, suggest that PBC's default was not borne of irresponsibility, but rather, that they demonstrated and acted with a measure of personal responsibility.

Fourth, Ms. Collier will not be prejudiced if the Clerk's Entry of Default is vacated because the case is in its infancy. Fifth, the Court finds that there has not been a history of dilatory action. Lastly, the Court finds that sanctions are not warranted in this case given PBC's good faith basis to believe that Ms. Collier was willing to provide PBC with additional time to answer the Complaint. In addition, the case will terminate quickly for reasons unrelated to the Clerk's Entry of Default. For all of the aforementioned reasons, this Court finds that good cause exists and PBC's Motion to Vacate the Entry of Default is granted.

## B.   **Motion to Dismiss or, in the Alternative, for Summary Judgment**

Turning to the PBC's Motion to Dismiss or, in the Alternative for Summary Judgment, pursuant to Rules 12(b)(6) and

56, the Court finds that Ms. Collier has failed to state a claim upon which relief may be granted and that there is no genuine dispute as to any material fact.

### 1.   Motion to Dismiss Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007) (internal citations omitted); see Fed.R.Civ.P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555.  A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Id.; Twombly, 550 U.S. at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the

7

plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. Twombly, 550 U.S. at 556 n.3.

### a. Motion to Dismiss Analysis

In the present case, Ms. Collier alleges violations of 15 U.S.C. §§ 1692e(10)-(11) and 1692c(b). Section 1692e(10) states in pertinent part that "[t]he use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer" is in violation of the Act. It is also a violation of the Act if a debt collector

> fail[s] to disclose in the initial written
> communication with the consumer, and in addition, if
> the initial communication with the consumer is oral,

8

in that initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal proceeding made in connection with a legal action.

15 U.S.C.A § 1692e(11) (West 2012). Finally, Section 1692c(b) states the following:

Except as provided in section 1692b, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate in connection with the collection of any debt with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Here, there is no dispute as to the actual voicemail message left on the answering machine. It is as follows:

**Answering Machine:** Hi, you have reached Dan. Please leave your name and number in a short message and I'll get back with you. Thank You.

**Caller:** This is a message for Jessica Collier, if we have reached the wrong number for this person, please contact us back at 1-800-270-9685 to remove your number. If you are not Jessica Collier, please hang up or disconnect. If you are Jessica Collier, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message, you acknowledge you are Jessica Collier. You should not listen to this message so that others can hear it as it does contain personal and private information. There will now be a three second pause in this message to allow you to listen to the message in private. This is Heather Cunningham calling from the Professional

Bureau of Collections. This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for this purpose. Please contact me about an important business matter. My phone number is 1-800-270-9685 and my extension is 4706.

This communication and voicemail is the gravamen of Ms. Collier's entire Complaint. She concedes in her Complaint that this telephone number is associated with an address she "lived at over 10 years ago." (See Compl. ¶ 5). She does not allege that PBC knew she could not be reached at that particular phone number.

Looking at the message in the light most favorable to Ms. Collier, it was neither deceptive, threatening, coercive, or abusive. In fact, the message provided ample opportunity for a person, other than Ms. Collier, who received the message to ignore it or delete it. The communication was very specific in that it was directed only to Ms. Collier. In light of the pleading standards set forth above, the communication is not actionable and, thus, the Court grants the Motion to Dismiss for failure to state a claim upon which relief can be granted.

**2. Motion for Summary Judgment Standard of Review**

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48.

A "material fact" is a fact that might affect the outcome of a party's case. Id. at 248; JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return

a verdict in the nonmoving party's favor.  <u>Anderson</u>, 477 U.S. at 248.  Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. <u>Celotex Corp.</u>, 477 U.S. at 324.

### a.    Motion for Summary Judgment Analysis

In this case, there is no dispute that the information obtained regarding the address and phone number was obtained by PBC's client, GECF.  According to the undisputed affidavit of PBC's corporate counsel, Gregory Gerkin, Ms. Collier was associated with the phone number that was dialed.  (Def.'s Opp'n Ex. C, ¶ 8).  In fact, by Ms. Collier's own admission, she was at one time associated with the residence corresponding to that phone number.

Ms. Collier's claim that she was the victim of identity theft, which resulted in the debt owed to GECF, does not convert PBC's efforts to collect on the alleged debt into a violation of the Act.  As a result, this Court finds that there is no genuine dispute as to any material fact, the alleged conduct of PBC is not actionable, and PBC is entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons outlined above, Defendant's Motion to Vacate the Entry of Default and to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 7) is GRANTED. A separate order will follow.

Entered this 28th day of August, 2012

/s/

_____
George L. Russell, III
United States District Judge